UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDIE THOMAS,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>QUALITY LOAN SERVICE CORPORATION, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 18-cv-2791-BAS-NLS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[ECF No. 7]** |

　　　　Plaintiff Rudie Thomas is a litigant familiar to this Court. In 2014, he was declared a vexatious litigant with respect to the repeated lawsuits he filed against Bank of America following foreclosure of his property located at 5048 Crescent Bay. (*See* 13-cv-1576-LAB-JLB, ECF No. 24.) In that case, Chief Judge Burns enjoined Mr. Thomas from filing any further civil actions against Bank of America with respect to foreclosure of his home without approval of the court.

　　　　Astonishingly, in 2016, Mr. Thomas was issued another mortgage on a property located at 3771 Coleman Avenue. When Wells Fargo Bank foreclosed on this property, Mr. Thomas commenced legal proceedings against Wells Fargo Bank in San Diego Superior Court. Upon losing his case in state court, he now files this case against Quality Loan Service Corp. ("QLS"), the trustee on the Wells Fargo

1 Bank foreclosure sale.

2 In the Superior Court case Mr. Thomas alleged: (1) Wells Fargo Bank did not have the right to foreclose on his Coleman Avenue property because the note was forged, (2) Wells Fargo Bank was not properly assigned the Deed of Trust, and (3) Wells Fargo Bank did not properly substitute Quality Loan Service Corp. as the trustee under the Deed of Trust. The San Diego Superior Court found all of these claims lacked merit, ruling:

> It is undisputed that plaintiff entered into the subject loan transaction, accepted the loan funds and purchased the property, moved into the property and made payments to Wells Fargo. The undisputed evidence demonstrates that Wells Fargo was properly assigned the Deed of Trust and properly substituted in Quality Loan Service Corp. as the foreclosure trustee.

*Thomas v. Wells Fargo Home*, Cas No. 37-2016-00019344-CU-OR-CTL. (*See* ECF No. 7-2, at 39.)

Plaintiff now files this federal case against QLS alleging various causes of action, including violations of the Fair Debt Collections Practices Act and the Racketeer Influenced and Corrupt Organizations Act. Plaintiff also alleges civil rights violations and various conspiracies, claiming that Wells Fargo and QLS unlawfully extorted money from him when they sent duplicitous and false invoices resulting in the foreclosure of the property on Coleman Avenue.[1] In sum, Plaintiff's 123-page complaint alleges sixteen causes of action and Plaintiff requests $40,230,029.40 in damages.

Defendant QLS moves to dismiss the Complaint, ("Mot.," ECF No. 7).

---

[1] Throughout Plaintiff's complaint, he references "defendants" indicating he believes he sued multiple entities or persons. It appears Plaintiff intended to include Wells Fargo as a defendant. (Compl. ¶ 12.) But Wells Fargo is not named in the caption of the complaint, and QLS is the only entity listed in the caption, along with: "all persons uknown [sic], claiming any illegal or equitable right, title, estate, lien, or interest in property described in the complaint adverse to Plaintiff's title, or any cloud on plaintiff's title thereto." This vague and unspecified reference to unknown persons is not sufficient to name a defendant. Further, Plaintiff did not serve Wells Fargo or any other Doe defendant. Therefore, QLS is the only named Defendant in this matter and the Court does not consider references to any other defendant.

Plaintiff opposes the motion. (ECF No. 10.)[2] The Court finds this Motion suitable for determination on the papers and without oral argument. Civ. L. R. 7.1(d)(1). For the reasons stated below, the Court **GRANTS** Defendant's Motion.

## I.  FACTUAL ALLEGATIONS

Plaintiff alleges he is the owner of a property located at 3771 Coleman Avenue in San Diego. ("Compl.," ECF No. 1, at ¶ 1.) A deed of trust dated August 26, 2014 indicates Plaintiff obtained a loan of $356,385 secured by a Deed of Trust against the property located at 3771 Coleman Avenue. The deed of trust lists Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominal beneficiary for Moria Development, Inc. (ECF No. 1, at 53–54.)[3] On December 29, 2015, a Substitution of Trustee was recorded, and Defendant QLS was named as trustee. (*Id.* at 88.) The document is signed by Mr. Andrew Basom, counsel for Wells Fargo Bank. (*Id.* at 89.) Plaintiff alleges QLS and Mr. Basom "had no legal authority" to allow the substitution of trustee because Ginnie Mae did not grant permission, and Plaintiff alleges Ginnie Mae is the principal of the loan. (Compl. ¶¶ 18, 32, 33.) Plaintiff alleges the substitution is void and has a created a "cloud" on his title. (Compl. ¶¶ 32, 33.)

On December 31, 2015, Defendant recorded a notice of default. (ECF No. 1,

---

[2] Plaintiff filed a request for judicial notice as part of his opposition, and a second request as a separate document. (ECF No. 10, at 38; ECF No. 12.) Some of the documents Plaintiff provided are duplicitous of documents already on the docket, and the remainder were unnecessary for the resolution of the current Motion. The Court **DENIES** Plaintiff's requests.

[3] Plaintiff attached relevant documents to his Complaint, for example, the deed of sale, substitution of trustee, notice of default, and notice of trustee's sale. The Court incorporates the documents by reference. Incorporation by reference allows a court deciding a Rule 12(b)(6) motion to dismiss to consider materials "properly submitted as part of the complaint." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989). A court deciding a Rule 12(b)(6) motion to dismiss may consider a document that is not attached to the complaint if the complaint "necessarily relies" on it and "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claims; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marker v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Plaintiff's Complaint refers to the attached documents, which are central to his claims regarding the foreclosure on his property. The Court need not incorporate all documents, but finds it proper to incorporate by reference the relevant documents cited herein.

at 91.) On April 4, 2016, Defendant recorded a notice of trustee's sale due to Plaintiff's unpaid balance. (*Id.* at 96.) On May 13, 2016, Defendant recorded a trustee's deed upon sale. (*Id.* at 99.) Text at the end of these notices states that Defendant "may be considered a debt collector attempting to collect a debt." (*Id.* at 97, 100.) Plaintiff alleges Defendant is not and cannot be a debt collector. (Compl. ¶ 45.) Plaintiff states Defendant continues to "harass" him with the improper "amounts & instruments." (*Id.* ¶ 46.) Plaintiff alleges Defendant sent him financial information that contained false and misleading information, which incorrectly said Plaintiff owed a debt. (*Id.* ¶ 33.) Plaintiff also appears to allege Defendant charged "unauthorized charges . . . to an account purporting to be plaintiffs [sic] account." (*Id.* ¶ 47.)

## II. LEGAL STANDARD

A complaint must plead sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare*

*Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

### III. ANALYSIS

Defendant moves to dismiss each of Plaintiff's causes of action but first argues it is protected by privilege.

#### A. <u>Litigation Privilege</u>

Defendant was the trustee of Plaintiff's loan and argues it is protected by the litigation privilege. Defendant argues its "advancement of the nonjudicial foreclosure is statutorily protected under Cal. Civ. Code § 47 and accordingly, this conduct cannot form the basis of any tort cause of action." (Mot. at 4.)

Under a deed of trust containing a power of sale, the borrower, or "trustor" (here, Plaintiff), conveys nominal title to property to an intermediary, the "trustee" (at the time, First American Title Company), who holds that title as security for repayment of the loan to the lender, or "beneficiary" (at the time, Moria Development Inc.). (ECF No. 1 at 52–53); *see Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 334 (2008) (citations omitted). Mortgage Electronic Registration Systems, Inc. ("MERS") was listed as the nominal beneficiary for Moria. (ECF No. 1 at 52–53.)

The beneficiary may make a substitution of trustee. Cal. Civil Code § 2924a; *Kachlon*, 168 Cal. App. 4th at 334 (citations omitted). This occurred here, and the recorded substitution of trustee document provides that the beneficiary, Wells Fargo, substituted in a new trustee, QLS. (ECF No. 1, at 88.) Plaintiff appears to be confused why Wells Fargo has the ability to do so. Plaintiff failed to include an important document, where MERS assigned the deed of trust to Wells Fargo Bank, N.A. Defendant attached a recorded copy of this document to its Motion. (ECF No. 7-2, at 21.)[4] Thus, Wells Fargo was the beneficiary at the time of the substitution.

---

[4] Defendant requests the Court take judicial notice of the corporate assignment of deed of trust. Courts in this circuit frequently take judicial notice of mortgage-related documents. See *Fimbres v. Chapel Mortg. Corp.*, No. 09–CV–0886–IEG (POR), 2009 WL 4163332, *3 (S.D. Cal. Nov. 20,

Wells Fargo then substituted the trustee and recorded the substitution in San Diego County, the County where the property is located. (ECF No. 1, at 88); *see* 4 Miller & Starr § 13:9 (4th ed. 2019). After considering Plaintiff's complaint, documents incorporated by reference, and "matters properly subject to judicial notice," *Swartz v. KPMG LLP*, 476 F. 3d 756, 763 (9th Cir. 2007), the Court finds that Wells Fargo was the beneficiary at the time of the substitution and validly substituted QLS as the trustee. Plaintiff makes strong allegations to the contrary, but in the face of the properly introduced public records, of which the Court takes judicial notice, Plaintiff's allegations to the contrary are not well-pled; they are merely legal conclusions couched as factual allegations and they do not suffice to survive the motion to dismiss. Further, as noted above, the state court found that QLS was the properly substituted trustee under the Deed of Trust. (*See* ECF No. 7-2, at 39.)

Next, if the trustor defaults on the debt secured by the deed of trust, "the beneficiary may declare a default and make a demand on the trustee to commence foreclosure." *Kachlon*, 168 Cal. App. 4th at 334 (citing Miller & Starr, at § 10:181). Here, Plaintiff does not seem to dispute that he defaulted on the debt; his Complaint merely lays out the events that occurred without disputing the reason for the default. (Compl. ¶¶ 37–40.)[5] Defendant then followed the steps laid out in the Civil Code. The trustee sends a notice of default, then after at least three months, the trustee must publish, post, and mail a notice of sale at least 20 days before the sale, and must also record the notice of sale at least 14 days before the sale. *Kachlon*, 168 Cal. App. 4th at 334–35 (citing Cal. Civil Code § 2924(a).) This was done here.

---

2009) (taking judicial notice of a deed of trust, notice of default, notice of trustee's sale, assignment of deed of trust, and substitution of trustee, as each was a public record); *Angulo v. Countrywide Home Loans, Inc.*, No. 1:09–CV–877–AWI–SMS, 2009 WL 3427179, *3 n. 3 (E.D. Cal. Oct. 26, 2009) ("The Deed of Trust and Notice of Default are matters of public record. As such, this court may consider these foreclosure documents"). Plaintiff does not oppose Defendant's request for judicial notice. The corporate assignment of deed of trust is a recorded public record and Court takes judicial notice of the document.

[5] The state court also found that Wells Fargo properly foreclosed on the property. (*See* ECF No. 7-2, at 39.)

Therefore, Defendant argues it is protected by the litigation privilege. The Court agrees. The Civil Code provides "[t]he mailing, publication, and delivery of notices as required" in the code constitute privileged communications pursuant to Civil Code section 47. Cal. Civil Code § 2924(d). Section 47 provides a qualified privilege for communications made by an interested person without malice to another interested person. *Id.* § 47(c)(1). Malice means "that the publication was motivated by hatred or ill will towards the plaintiff or by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights." *Kachlon*, 168 Cal. App. 4th at 336 (quotation and citations omitted).

Here, Plaintiff does not allege that Defendant acted with malice because he does not allege Defendant was acting out of hatred or that it had no grounds for believing in the truth of the documents it recorded. On the contrary, Defendant was the trustee and was simply following the code when Plaintiff failed to pay his debt. This does not show malice, and Defendant's communication is privileged. *See Schep v. Capital One, N.A.*, 12 Cal. App. 5th 1331, 1336 (2017) (finding the trustee's actions of recording a notice of sale, notice of default, and trustee's deed upon sale are privileged). "This privilege is a natural fit for nonjudicial foreclosure. The trustee's statutory duties in effectuating the foreclosure are designed, in major part, to communicate relevant information about the foreclosure to other interested persons." *Kachlon*, 168 Cal. App. 4th at 339.

The privilege bars any tort action based on a protected communication made without malice. *Rubin v. Green*, 4 Cal. 4th 1187, 1193–94 (1993). The privilege does not, however, defeat federal causes of action. *Hinrichsen v. Bank of Am. N.A.*, No. 17-cv-219 DMS (RBB), 2017 WL 2992662, at *2 n.3 (S.D. Cal. July 14, 2017) (citing cases); *OEI v. N Star Capital Acquisitions, LLC*, 486 F. Supp. 2d 1089 (C.D. Cal. 2006) (holding that California's litigation privilege did not grant immunity in connection with a claim under the Fair Debt Collection Practices Act).

With the privilege in mind, the Court proceeds to analyze Plaintiff's causes of action in turn. The causes of action listed in the caption of Plaintiff's Complaint do not match up with the causes of action detailed in the body of the Complaint. The Court analyzes all causes of action in the body of the Complaint, which are more numerous than those listed in the caption. Further, in the caption, Plaintiff lists a violation of the Consumer Credit Protection Act. But because this Act is not once mentioned in the body of the Complaint, the Court does not analyze it in this Order

### B. Fair Debt Collection Practices Act

Plaintiff alleges Defendant engaged in abusive, deceptive, and unfair debt collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA"). (Compl. ¶ 57.) Defendant allegedly misrepresented Plaintiff's debt by overstating the amounts owed. (*Id.* ¶ 60(b).) Plaintiff appears to base this cause of action, at least in part, on the warning that Defendant included on certain documents, i.e. that QLS "may be considered a debt collector attempting to collect a debt." (ECF No. 1, at 97, 100.) Plaintiff states Defendant misrepresented itself as a debt collector and deceptively tried to collect a debt. (Compl. ¶¶ 60(c); 60(i).)

"[G]iving notice of a foreclosure sale to a consumer as required by the [California] Civil Code does not constitute debt collection activity under the FDCPA." *Vien-Phuong Thi Ho v. ReconTrust Co. NA*, 858 F.3d 568, 574 (9th Cir. 2017) (quoting *Pfeifer v. Countrywide Home Loans, Inc.*, 211 Cal. App. 4th 1250 (2012)). Here, there is no evidence that Defendant was doing more than giving Plaintiff notice of his default and foreclosure. These are not debt collection activities. The *Vien-Phuong* court also held that if the notice of sale includes a disclaimer stating that the trustee 'is a debt collector attempting to collect a debt[,]' . . . [t]his disclaimer isn't sufficient to show that [the trustee] is a debt collector." *Id.* at 574 n.7. Under this precedent, the disclosure on QLS's notices does not turn it into a debt collector.

Because Defendant, as a trustee, was not engaging in a debt collection activity, Plaintiff's FDCPA claim is improper. The Court **GRANTS** Defendant's Motion to

Dismiss this claim.

### C. Conspiracy to Violate the Racketeer Influenced and Corrupt Organizations Act ("RICO")

A violation of RICO section 1962(c) consists of "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Section 1962(d) provides it is unlawful to conspire to violate subsections (a), (b), or (c).

In one cause of action, Plaintiff alleges "two acts of racketeering activity": (1) "when the defendants counsel [sic] illegally extorted money from a deceased man account [sic] in which was in the defendants QLS [sic] custody" and (2) Defendant's attempt "to have one of its employee [sic] Andrew Basom as attorney in fact for a property in which McCarthy and Holthus LLP is not the principal of." (Compl. ¶ 63.) In a later cause of action titled "18 U.S.C. § 1986(a)" Plaintiff appears to continue his RICO allegations, alleging Defendant engaged in racketeering through its "collection of unlawful debt." (*Id.* ¶ 66.) Plaintiff alleges through these acts, Defendant and its employees conspired to violate RICO.

The first allegation regarding defense counsel is made against Daniel Joseph Goulding, who Plaintiff alleges to be the general counsel for QLS. (Compl. ¶¶ 63, 41–42.) The alleged acts by Mr. Goulding are not related to the present case, but Plaintiff connects the allegation to this case by alleging it shows QLS "is no stranger to breaking the law." (*Id.* ¶ 42.) Even if the Court were to find that Mr. Goulding's act is considered racketeering activity, the allegation is not made against Defendant QLS. Thus this is not a plausible allegation that Defendant engaged in racketeering activities. Next, Plaintiff's second allegation against Mr. Basom is meritless, as the Court found above that Wells Fargo had the authority to substitute QLS as trustee. Therefore, Wells Fargo's attorney signing the substitution is not a racketeering activity, and in any event, is not an act of Defendant QLS. Finally, the Court found above that QLS was not engaging in debt collection activity. Plaintiff has not plausibly pled a RICO violation. The Court **GRANTS** Defendant's Motion to

1  Dismiss this cause of action.[6]

2  **D.    Violation of 42 U.S.C § 1985**

Plaintiff alleges Defendant has interfered with Plaintiff's right to real estate and personal property in violation of 42 U.S.C. § 1985. (Compl. ¶¶ 68–69.) Section 1985 proscribes conspiracies to interfere with certain civil rights. Plaintiff does not allege under which subsection of section 1985 he brings his claim but the Court assumes it is section 1985(3) because Plaintiff alleges Defendant has deprived him of his rights.

To state a claim for conspiracy to deprive a plaintiff of his civil rights under § 1985(3), he must allege: (1) the existence of a conspiracy to deprive plaintiff of the equal protection of the laws, (2) an act in furtherance of the conspiracy, and (3) that plaintiff was injured in his person or property, or deprived of any right or privilege of a citizen of the United States. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000). Plaintiff must allege facts showing that he was intentionally treated differently from others similarly situated and that there was no rational basis for the difference in treatment. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).

First, a claim under section 1985 must allege specific facts to support the allegation that defendants conspired together, and a mere allegation of conspiracy without factual specificity is insufficient. *Id.* Plaintiff has certainly not alleged facts to support his bald allegation of a conspiracy. (*See* Compl. ¶ 69 ("It is specifically alleged that both defendants named in this action, namely QLS with the other

---

[6] Within this cause of action, Plaintiff also alleges Defendant engaged in a scheme to obtain money or property from Plaintiff using false pretenses, in violation of 18 U.S.C. § 1341. (Compl. ¶ 63.) This statute does not provide a private right of action. *See Ellis v. CapitalSource Bank FBO Aeon Fin., LLC*, 924 F. Supp. 2d 282, 286 (D.D.C. 2013). This allegation is **DISMISSED**.

Plaintiff also alleges another conspiracy to deprive him of personal property pursuant to 18 U.S.C. § 241. (Compl. ¶ 71.) However, 18 U.S.C. § 241 is a criminal statute and does not support a claim in a civil case. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding section 241 provides no private right of action and cannot form basis for civil suit). Plaintiff cannot state a claim under this section so the Court **GRANTS** Defendant's Motion to Dismiss this cause of action.

unnamed defendants conspired to steal and to deceive as complained of herein.").) Second, Plaintiff has not plausibly alleged he was denied equal protection of the law, as he has provided no facts to show that he was treated differently than others similarly situated. For these reasons, the Court **GRANTS** Defendant's Motion to Dismiss this cause of action.

### E. Violation of 42 U.S.C § 1983

Plaintiff alleges Defendant deprived him "of the right to actual value and also the right of possession" of the property in violation of 42 U.S.C. § 1983. (Compl. ¶ 70.)

"Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Leer v. Murphy*, 844 F.2d 628, 632–33 (9th Cir. 1988). Plaintiff has not alleged that QLS is a state actor, nor can the Court infer from the Complaint that QLS was acting under the color of state law. Therefore, the Court **GRANTS** Defendant's Motion to Dismiss this cause of action.[7]

### F. Gross Negligence

Plaintiff alleges Defendant engaged in "gross negligence." There is no separate, recognized cause of action for "gross negligence." *Allen v. Woodford*, No. 05-cv-1104, 2006 WL 3762053, at *15 (E.D. Cal. 2006) (citing *Cont'l Ins. Co. v. Am. Prot. Indus.*, 197 Cal. App. 3d 322, 329 (1987)). The Court therefore analyzes the claim as one for negligence. "The elements of a negligence cause of action are

---

[7] Within this cause of action, Plaintiff alleges Defendant engaged in malicious prosecution. (Compl. ¶ 70.) A plaintiff must plead and prove three elements to establish the tort of malicious prosecution: a lawsuit "(1) was commenced by or at the direction of the defendant and was pursued to a legal termination favorable to the plaintiff; (2) was brought without probable cause; and (3) was initiated with malice." *Soukup v. Law Offices of Herbert Hafif*, 39 Cal.4th 260, 292 (2006). Here, there are no allegations that any lawsuit was brought against Plaintiff, let alone a lawsuit by Defendant that terminated in Plaintiff's favor. The Court **DISMISSES** this cause of action.

1  the existence of a legal duty of care, breach of that duty, and proximate cause
2  resulting in injury." *Castellon v. U.S. Bancorp*, 220 Cal. App. 4th 994, 998 (2013)
3  (citation omitted).

4        This cause of action appears to stem from Plaintiff's allegation that Defendant
5  did not properly service his bank account. (Compl. ¶ 72.) To the extent this claim
6  is related to Wells Fargo's actions, Plaintiff's case is not brought against Wells Fargo.
7  To the extent this claim arises from Defendant QLS's actions as a trustee, the Court
8  has found above that Defendant did not act counter to what is permitted under the
9  Civil Code. Plaintiff has not alleged that Defendant breached any duty owed to him.
10 And finally, to the extent this cause of action is related to the documents sent by QLS
11 as the trustee, this conduct is protected by the litigation privilege. *See Navellier v.*
12 *Sletten*, 106 Cal. App. 4th 763, 770 (2003) ("The litigation privilege immunizes
13 litigants from liability for torts, other than malicious prosecution, which arise from
14 communications in judicial proceedings" (citing *Silberg v. Anderson*, 50 Cal. 3d 205,
15 212 (1990))). For these reasons, the Court **GRANTS** Defendant's Motion to Dismiss
16 this cause of action.

### G. Negligent Misrepresentation

18       Plaintiff broadly alleges Defendant "committed duplicitous and negligent
19 misrepresentations" made "with intent to deceive[,]" but Plaintiff does not allege
20 what Defendant misrepresented. (Compl. ¶ 73.) Such broad allegations are
21 insufficient. Further, it appears Plaintiff's allegations under this cause of action stem
22 from communications QLS sent to Plaintiff during the foreclosure process, therefore,
23 this tort claim is barred by the litigation privilege. *See* Cal. Civ. Code § 2924(d)
24 ("The mailing, publication and delivery of notices" are privileged communications).
25 The Court **GRANTS** Defendant's Motion to Dismiss this cause of action.

### H. Deceptive Trade Practices

27       Plaintiff alleges Defendant engaged in deceptive acts through "conspiracy,
28 unlawful debt harassment practices, conversions, and theft" as well as through

misrepresentation, and sending false bills and statements. (Compl. ¶¶ 79–80.) The alleged deceptive practices Defendant engaged in are related to its acts as a fiduciary. After considering the Complaint and documents subject to judicial notice, the Court finds there are no plausible allegations that Defendant engaged in any activity that was not permitted per its role as a fiduciary, therefore it has not engaged in any deceptive practices. The Court **GRANTS** Defendant's Motion to Dismiss this cause of action.

### I. Civil Conspiracy

Plaintiff alleges "the two named defendants and/or" their agents engaged in a conspiracy through "deception and negligent misrepresentation." (Compl. ¶ 82.) Plaintiff states the conspiracy arose from "one or more or all of the torts complained of herein." (*Id.* ¶ 84.) Because the Court finds that Defendant is immune from tort liability and has not plausibly committed any torts, as noted herein, there can be no conspiracy resulting from the alleged torts. The Court **GRANTS** Defendant's Motion to Dismiss this cause of action.

### J. Breach of Contract and Breach of the Duty of Good Faith and Fair Dealing

Plaintiff alleges Defendant's breach of contract is based on "the defendant's failure to perform by properly managing the plaintiff's account with the defendants." (Compl. ¶ 86.) Plaintiff alleges Defendant "mismanaged the plaintiff[']s purported account established by defendants by improperly 'stealing' and/or laundering monies or credits in favor of themselves" by inputing "unauthorized credits or unauthorized amounts of money and misrepresenting these charges as valid 'charges[.]'" (Compl. ¶ 58.)

To establish a breach of contract under California law, Plaintiff must show the following: (1) existence of a contract, (2) performance by the plaintiff or excuse for nonperformance, (3) breach by the defendant, and (4) damages. *First Commercial Mortg. Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001).

1    Even assuming that the Deed of Trust operates as a contract between Plaintiff
2    and QLS as the successor trustee, the other elements are not met.  Plaintiff does not
3    identify a contract or contractual provision of the Deed of Trust that QLS has
4    breached.  *See Rinehart v. OneWest Bank, FSB*, No. CIV. 10-6331-AA, 2011 WL
5    1311839, at *2 (D. Or. Apr. 1, 2011) ("[T]he fact that [defendant] is the successor
6    trustee under the Deed of Trust does not state a claim for breach of contract.")
7    Indeed, it appears Plaintiff's claim is related to an account held by Wells Fargo, but
8    Wells Fargo is not a Defendant in this case.
9    Because Plaintiff cannot prove the elements of a breach of contract action, the
10   Court **GRANTS** Defendant's Motion to Dismiss this cause of action.  And because
11   there is no contract, there can be no claim of breach of the implied duty of good faith
12   and fair dealing.  *Kwon v. Banc of AmericaFunding 2005F Tr.*, No. C 14-3602 PJH,
13   2015 WL 400565, at *2 (N.D. Cal. Jan. 29, 2015) (holding "there was no contract in
14   existence at the time of the challenged conduct, and thus, there can be no breach—
15   either of the contract itself, or of the implied duty of good faith and fair dealing").
16   The Court **GRANTS** Defendant's Motion to Dismiss this cause of action.

### K.  Tortious Interference with Business Contracts

18   Plaintiff alleges "defendants have knowingly and intentionally damage[d] the
19   plaintiff[']s contractual or other business relationship with defendant.  (Compl. ¶
20   89.)  Specifically, "tortfeasor defendant has convinced it[s] co-conspirator to breach
21   the contract against the plaintiff."  (*Id.*)
22   First, if Plaintiff is alleging QLS interfered with a contract between QLS and
23   Plaintiff, this does not state a claim.  First, there is no allegation that a contract exists
24   between Plaintiff and QLS.  And second, if a contract does exist, a party to a contract
25   cannot interfere with itself or its own contract.  *St. James v. Equilon Enters., LLC*,
26   No. 08-CV-00962 W (AJB), 2008 WL 4279415, at *7 (S.D. Cal. Sept. 15, 2008).
27   For these reasons, the Court reads this allegation as one that QLS interfered with
28   Plaintiff's contract and/or relationship with Wells Fargo.

To state a tortious interference with contract claim, a plaintiff must show: "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional acts designed to induce breach or disruption of the contract; (4) actual breach or disruption; and (5) resulting damage." *Name.Space, Inc. v. Internet Corp. for Assigned Names & Numbers*, 795 F.3d 1124, 1133 (9th Cir. 2015) (quoting *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 825 (9th Cir. 2008)). Even if the Court assumes there was a contract between Plaintiff and Wells Fargo, under element one, the other elements are not met. As noted above, the Court finds that QLS was simply following the civil code in sending Plaintiff notices and engaging in foreclosure activities. This does not plausibly show any intentional acts to cause any issues in Plaintiff and Wells Fargo's business relationship. Therefore, Plaintiff has not stated a claim for tortious interference of contract or business relationship. The Court **GRANTS** Defendant's Motion to Dismiss this cause of action.

### L. 42 U.S.C § 1981

Plaintiff alleges Dependent deprived him of the value and right to possess his property. (Compl. ¶ 92.) Plaintiff also alleges Defendant deprived him of "the right to make and enforce contracts with third parties in express violation of 42 U.S.C. § 1981." (*Id.*)

Under 42 U.S.C. § 1981, "all persons within the jurisdiction of the United States shall have the same right in every State and Territory . . . as is enjoyed by white citizens. . . ." 42 U.S.C. § 1981. The purpose of section 1981 was "meant, by its broad terms, to proscribe discrimination in the making or enforcement of contracts against, or in favor of, any race." *Gratz v. Bollinger*, 539 U.S. 244, 276 n.23 (2003) (quotation omitted); *see also Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 609 (1987) (holding § 1981 forbids racial discrimination in the making of contracts).

Plaintiff does not allege if or how he was discriminated against on the basis of race. A plaintiff must at least allege facts that would support an inference that

defendants intentionally and purposefully discriminated against him. *Imagineering, Inc. v. Kiewit Pac. Co.*, 976 F.2d 1303, 1313 (9th Cir. 1992). Because Plaintiff alleges no facts that would support an inference of intentional discrimination or discriminatory interference with his right to make and enforce contracts, he does not state a claim under § 1981. The Court **GRANTS** Defendant's Motion to Dismiss this cause of action.

### M. Trespass

Plaintiff alleges Defendant's actions have prevented his "ingress to and egress from the property" and deprived him of his "right to exclusive possession of the property." (Compl. ¶ 93.) Indeed, Defendant agrees that Plaintiff no longer owns the property because it was sold at a trustee's sale. (Mot. at 14.) But the Court finds Defendant's acts that led to the sale are protected by the litigation privilege. The privilege "extends to post-judgment acts necessarily related to the enforcement of an order procured by an allegedly wrongful communicative act." *Ritchie v. Sempra Energy*, 703 F. App'x 501, 505 (9th Cir. 2017) (citation omitted). Accordingly, the tort of trespass, which arises out of Plaintiff's allegations regarding the foreclosure process, is barred by the litigation privilege. *See id.* (finding same). The Court **GRANTS** Defendant's Motion to Dismiss this cause of action.

### N. Declaratory Judgment

Plaintiff requests declaratory judgment as to the status of the property in dispute. (Compl. ¶ 97.) Plaintiff requests a declaration that he is the owner of the property and that Defendant has no right to it. (*Id.* ¶ 98.) The Court has found above that Plaintiff has not sufficiently alleged that he is still the owner of the property, and the Court declines to issue a declaratory judgment.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss in its entirety. Certain causes of action are barred by the litigation privilege, which Plaintiff cannot cure by amendment. Thus these causes of action are dismissed

1  with prejudice: (1) gross negligence, (2) negligent misrepresentation, (3) civil
2  conspiracy, and (4) trespass.  Further, the following causes of action cannot be cured
3  by amendment for the reasons articulated above and are also dismissed with
4  prejudice: (1) violation of the Fair Debt Collection Practices Act; (2) violation of 18
5  U.S.C. § 241; and (3) violation of 18 U.S.C. § 1341.

6        The Court has serious doubts that Plaintiff can state a claim against QLS
7  because it does not appear on the record before the Court that QLS committed any
8  wrongs in its interactions with Plaintiff.  However, given Plaintiff's pro se status and
9  because Plaintiff has not yet amended his complaint, the Court grants Plaintiff an
10 opportunity to file an amended complaint.  *McCabe v. Arave,* 827 F.2d 634, 640 n.6
11 (9th Cir. 1987) (holding courts are cautioned to make reasonable allowances for pro
12 per litigants and to read pro se papers liberally).  Plaintiff's amended complaint may
13 not re-allege against QLS the seven causes of action listed above that the Court has
14 dismissed with prejudice.  Further, Plaintiff's complaint must comply with Federal
15 Rule of Civil Procedure 8.  Rule 8 requires that each pleading include a "short and
16 plain statement of the claim," and that "each allegation must be simple, concise, and
17 direct."  Fed. R. Civ. P. 8(a)(2) & (d)(1).  Plaintiff must allege *concise and direct*
18 *facts* to support each cause of action, and it is not sufficient to simply state mere
19 conclusions without support.

20       Plaintiff may file an amended complaint **on or before August 9, 2019.**  If
21 Plaintiff fails to file an amended complaint within the time provided, the Court may
22 dismiss this action based on Plaintiff's failure to prosecute in compliance with a court
23 order requiring amendment.

24       **IT IS SO ORDERED.**
25 **DATED: July 10, 2019**

Hon. Cynthia Bashant
United States District Judge