# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDIE THOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>QUALITY LOAN SERVICE CORPORATION, *et al.*,<br><br>    Defendants. | Case No. 18-cv-2791-BAS-NLS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[ECF No. 17]** |

  Plaintiff Rudie Thomas is a litigant familiar to this Court. In 2014, he was declared a vexatious litigant with respect to the repeated lawsuits he filed against Bank of America following foreclosure of his property located at 5048 Crescent Bay. (*See* 13-cv-1576-LAB-JLB, ECF No. 24.) In that case, Chief Judge Burns enjoined Mr. Thomas from filing any further civil actions against Bank of America with respect to foreclosure of his home without approval of the court.

  Astonishingly, in 2016, Mr. Thomas was issued another mortgage on a property located at 3771 Coleman Avenue. When Wells Fargo Bank foreclosed on this property, Mr. Thomas commenced legal proceedings against Wells Fargo Bank in San Diego Superior Court. Upon losing his case in state court, he now files this case against Quality Loan Service Corp. ("QLS"), the trustee on the Wells Fargo

Bank foreclosure sale.

In the Superior Court case Mr. Thomas alleged: (1) Wells Fargo Bank did not have the right to foreclose on his Coleman Avenue property because the note was forged, (2) Wells Fargo Bank was not properly assigned the Deed of Trust, and (3) Wells Fargo Bank did not properly substitute Quality Loan Service Corp. as the trustee under the Deed of Trust. The San Diego Superior Court found all of these claims lacked merit, ruling:

> It is undisputed that plaintiff entered into the subject loan transaction, accepted the loan funds and purchased the property, moved into the property and made payments to Wells Fargo. The undisputed evidence demonstrates that Wells Fargo was properly assigned the Deed of Trust and properly substituted in Quality Loan Service Corp. as the foreclosure trustee.

*Thomas v. Wells Fargo Home*, Cas No. 37-2016-00019344-CU-OR-CTL. (*See* ECF No. 7-2, at 39.)

Plaintiff filed this federal case against QLS, and in his original complaint he alleged numerous causes of action, including violations of the Fair Debt Collections Practices Act and the Racketeer Influenced and Corrupt Organizations Act. The Court dismissed certain causes of action with prejudice and others without prejudice. ("Prior Order," ECF No. 15, at 16–17.) The Court granted Plaintiff leave to amend. (*Id.*) Plaintiff filed an amended complaint, this time bringing causes of action under the False Claims Act (specifically, section 3729(a)(1)(B)) and California Civil Code section 2924(A)(6). (First Amended Complaint, "FAC," ECF No. 16.) Plaintiff also requests declaratory judgment declaring the status of the Coleman Avenue property. Plaintiff requests $15,375,463.90 in damages.

Defendant QLS again moves to dismiss the complaint, ("Mot.," ECF No. 17). Plaintiff opposes the motion. (ECF No. 19.)[1] The Court finds this Motion suitable

---

[1] Plaintiff filed four separate requests for judicial notice, attaching dozens of documents. (ECF 19, 20, 23, 24.) Some of the documents Plaintiff provided are duplicates of documents already on the docket, and the remainder are unnecessary for the resolution of the current Motion. The Court

for determination on the papers and without oral argument. Civ. L. R. 7.1(d)(1). For the reasons stated below, the Court **GRANTS** Defendant's Motion.

## I. FACTUAL ALLEGATIONS

Plaintiff alleges he is the owner of a property located at 3771 Coleman Avenue in San Diego. (FAC ¶ 1.) A deed of trust dated August 26, 2014 indicates Plaintiff obtained a loan of $356,385 secured by a Deed of Trust against the property located at 3771 Coleman Avenue. The deed of trust lists Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominal beneficiary for Moria Development, Inc. (ECF No. 16-1, at 2.)[2] On December 29, 2015, a Substitution of Trustee was recorded, and Defendant QLS was named as trustee. (ECF No. 16-3, at 19.)

On December 31, 2015, Defendant recorded a Notice of Default. (*Id.* at 22.) On April 4, 2016, Defendant recorded a Notice of Trustee's Sale due to Plaintiff's unpaid balance. (ECF No. 16-4, at 56.) On May 13, 2016, Defendant recorded a Trustee's Deed Upon Sale. (*Id.* at 59.)

## II. LEGAL STANDARD

A complaint must plead sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

---

**DENIES** Plaintiff's requests.

[2] Plaintiff attached relevant documents to his FAC, for example, the deed of sale, substitution of trustee, notice of default, and notice of trustee's sale. The Court incorporates the documents by reference. Incorporation by reference allows a court deciding a Rule 12(b)(6) motion to dismiss to consider materials "properly submitted as part of the complaint." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989). A court deciding a Rule 12(b)(6) motion to dismiss may consider a document that is not attached to the complaint if the complaint "necessarily relies" on it and "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claims; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marker v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Plaintiff's FAC refers to the attached documents, which are central to his claims regarding the foreclosure on his property. The Court need not incorporate all documents, but finds it proper to incorporate by reference the relevant documents cited herein.

that the defendant is liable for the misconduct alleged." *Id.*

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

### III. ANALYSIS

QLS moves to dismiss each of Plaintiff's causes of action but, as it did in the prior motion, first argues its actions are protected by privilege.

The Court previously found that QLS is protected by the litigation privilege. The privilege bars any tort action based on a protected communication made without malice. *Rubin v. Green*, 4 Cal. 4th 1187, 1193–94 (1993). The privilege does not, however, defeat federal causes of action. *Hinrichsen v. Bank of Am. N.A.*, No. 17-cv-219 DMS (RBB), 2017 WL 2992662, at *2 n.3 (S.D. Cal. July 14, 2017) (citing cases).

The Court has reviewed Plaintiff's FAC and finds that its allegations do not change this conclusion; QLS remains protected by the litigation privilege for certain causes of action. The Court analyzes Plaintiff's first federal cause of action under the False Claims Act.

### A. False Claims Act

Plaintiff specifies he is bringing a cause of action under the False Claims Act, 31 U.S.C. § 3729(a)(1)(B), which imposes liability on any person who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim."

The False Claims Act ("FCA") imposes liability for defrauding the Government by making false or fraudulent claims for money or property. The FCA is "intended to reach all types of fraud, without qualification, that might result in financial loss to the Government." *United States v. Neifert-White Co.*, 390 U.S. 228, 232 (1968). The essential elements of FCA liability under section 3729(a)(1)(A) or 3729(a)(1)(B) are "(1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due." *U.S. ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1174 (9th Cir. 2006).

Plaintiff alleges QLS made a false record/claim by drafting and recording the Notice of Trustee's Sale and the Trustee's Deed Upon Sale. (*Id.* ¶ 45–46.) This act was allegedly false because QLS knew that Wells Fargo was not in possession of the Note. (*Id.* ¶ 47.)[3]

The Court found in its prior order that QLS's acts of filing the notice of trustee's sale and trustee's deed upon sale was proper under the Civil Code. (Prior Order at 6.) The Court found that QLS had properly been substituted as trustee. (*Id.* ("[T]he Court finds that Wells Fargo was the beneficiary at the time of the substitution and validly substituted QLS as the trustee."). Therefore, Plaintiff's

---

[3] It is unclear if the Government or a government agency allegedly made a payment relating to Plaintiff's mortgage. Plaintiff alleges Wells Fargo was accepting payments from the Department of Veterans Affairs ("the VA"). (FAC ¶ 39.) It appears Plaintiff's loan was guaranteed by the VA, and Plaintiff alleges the VA had to pay money as a result of QLS's actions. Assuming this allegation is enough to establish the relevant prong of the FCA, Plaintiff does not sufficiently allege the remaining prongs.

conclusory allegation that QLS filed false or fraudulent documents is unsupported. The Court **DISMISSES** this cause of action.

### B. California Civil Code Section 2924(a)(6)

This civil code section provides, "No entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest." Cal. Civil Code § 2924(a)(6)

Plaintiff's second cause of action alleges that his right to his personal property was violated because he was not in default and therefore his property should not have been sold at an auction. (*Id.* ¶ 49.)[4] The Court previously found that QLS is the substituted trustee. (Prior Order at 6.) Therefore, QLS had the right to initiate foreclosure proceedings. QLS has not violated section 2924(a)(6) and the Court **DISMISSES** this cause of action.

### C. Declaratory Judgment

Plaintiff requests declaratory judgment as to the status of the Coleman Avenue property. Plaintiff requests a declaration that he is the owner of the property and that QLS has no right to it. (FAC ¶ 59.) The Court has found above that Plaintiff has not sufficiently alleged that he is still the owner of the property, and the Court declines to issue a declaratory judgment.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion to Dismiss. The

---

[4] The allegation also appears to relate to Plaintiff's assertion that the promissory note relating to the mortgage is not valid because the deed of trust was physically separated from the note. (FAC ¶ 19.) The argument is unclear. However, a "deed of trust . . . is inseparable from the note it secures, and follows it even without a separate assignment." *Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 927 (2016); *United States v. Thornburg*, 82 F.3d 886, 892 (9th Cir. 1996) (holding even if the party holding the deed of trust instrument fails "to hand [it] over" to the note holder, the note holder has the right to foreclose).

Court previously granted Plaintiff leave to amend his complaint, and he failed to add any new allegations that changed the Court's conclusion that he could not sufficiently plead a claim. The Court therefore finds that granting Plaintiff leave to amend would be futile. *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir.1989) (holding a "district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint"). Therefore, the dismissal is without leave to amend. This concludes the litigation in this matter and the Clerk is instructed to close the case.

**IT IS SO ORDERED.**

**DATED: January 15, 2020**

Hon. Cynthia Bashant
United States District Judge